**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

IN RE: BARBARA RUBIN HUDSON,
                              *Appellant,*

BEVERLY LYNN BELTON, R.N.;
BRENDA WADE NEELY, R.N.; SHIRLEY
BAUMGARDENER, R.N.; DEBRA HALL;
KATHRYN REBECCA POOLE,
                              *Plaintiffs,*

v.

LELAND J. SIGMON, in his individual
capacity and as President and co-
owner of S & S Health Care,
Incorporated; THOMAS H. SUMMERS,
in his individual capacity and as
Vice-President, Treasurer and co-
owner of S & S Health Care,
Incorporated; S & S HEALTH CARE,
INCORPORATED, d/b/a Interim Health
Care, a Virginia corporation,
                              *Defendants.*

UNIVERSITY OF VIRGINIA APPELLATE
LITIGATION CLINIC,
                              *Amicus Curiae.*

No. 98-2821

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Norman K. Moon, District Judge.
(CA-97-53-D)

Argued: June 9, 2000

Decided: December 13, 2001

Before WIDENER and NIEMEYER, Circuit Judges, and
Irene M. KEELEY, Chief United States District Judge
for the Northern District of West Virginia,
sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Barbara Rubin Hudson, Chatham, Virginia, for Appellant. John Chadwick Johnson, FRITH, ANDERSON & PEAKE, Roanoke, Virginia, for Appellee. Neal Lawrence Walters, UNIVERSITY OF VIRGINIA SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Charlottesville, Virginia, for Amicus Curiae.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Attorney Barbara R. Hudson, counsel for plaintiffs in *Belton v. Sigmon*, No. 97-CV-53 (W.D.Va. Jan. 22, 1999), appeals the district court's order imposing sanctions against her pursuant to Fed. R. Civ. P. 11. For the following reasons, we affirm.

I.

Plaintiffs, Beverly Lynn Belton, R.N., Brenda Wade Neely, R.N., Shirley Baumgardener, R.N., Debra Hall, and Kathryn Rebecca Poole, filed a complaint against defendants, S & S Healthcare, Inc. (S

& S Healthcare) and its co-owners, Leland J. Sigmon and Thomas H. Summers, alleging that defendants violated the Fair Labor Standards Act, 29 U.S.C.A. § 201 (the Act), by engaging in fraudulent practices. Plaintiffs alleged that defendants unlawfully required plaintiffs to work uncompensated overtime hours and that they were entitled to compensatory, liquidated, and punitive damages, as well as, an injunction, costs, attorneys' fees, interest, and a declaration that defendants' employment contract was void as against public policy. Plaintiffs alleged that defendants hired each of them as salaried employees, but that each worked overtime hours on a daily basis, and on weekends, without compensation. Plaintiffs' complaint also contained an allegation that defendants retaliated against plaintiffs for filing this action under the Act.

During discovery, certain plaintiffs attached to their interrogatory answers lists indicating their "documented overtime hours worked" and "average undocumented hours worked."[1] While deposing some plaintiffs, the defendants learned that several plaintiffs did not actually work at S & S Healthcare on their scheduled work days, yet these plaintiffs received pay from S & S Healthcare for those days. Also, defendants discovered that Miss Belton and Miss Neely claimed overtime hours to be paid by the defendants on days they worked at Danville Regional Medical Center (Danville Regional), an unrelated health care facility. Defendants moved for summary judgment claiming that plaintiffs were exempt employees under the Act and thus, they were not entitled to overtime pay under the Act. Defendants attached plaintiffs' self-generated overtime lists to their summary judgment motion and memorandum in support thereof. In a letter, defendants requested that Miss Hudson, as counsel to plaintiffs, withdraw the claims and terminate the litigation because defendants believed that the inaccurate overtime lists rendered plaintiffs' claims unwarranted.

---

[1]Plaintiffs Belton and Neely made their calculations on a month to month basis for the relevant time periods. The "documented hours" represented hours on the time sheets that plaintiffs worked, while "undocumented hours" reflected time that did not appear on any time sheet, but that plaintiffs claimed represented overtime hours worked.

Instead of withdrawing these claims, or correcting any inaccuracies regarding plaintiffs' overtime hours, Miss Hudson filed a memorandum in opposition to defendants' motion for summary judgment and continued to pursue plaintiffs' claims that defendants owed them compensation for overtime hours despite the inaccuracies. On November 17, 1998, the district court granted summary judgment to defendants finding that although defendants had made some improper pay deductions in violation of the Act, defendants could avail themselves to the "window of corrections" because the improper pay deductions were made for reasons other than lack of work. It also held that the nurse plaintiffs were exempt as in a bona fide executive capacity, and the others were in a bona fide administrative capacity. At that time, the district court did not address defendants' allegations that plaintiffs' claimed overtime hours were fraudulently recorded.

On November 2, 1998, defendants had filed a motion for Rule 11 sanctions alleging that "plaintiffs' allegations and factual contentions do not have evidentiary support and that fact was brought to the attention of plaintiffs in the defendants' summary judgment memorandum and exhibits in support." Defendants argued that Rule 11 sanctions were appropriate because plaintiffs continued to pursue the overtime hours claim in subsequently filed documents despite inaccuracies in the supporting evidence. On January 22, 1999, after a hearing, the district court entered its opinion and order in writing in which it made factual findings concerning the days on which plaintiffs Belton and Neely made claims for documented overtime hours and on which they were also employed at Danville Regional. Consequently, the district court imposed sanctions on Miss Hudson for failing to withdraw the claims for these overtime hours.[2] Miss Hudson appeals the district court's order.

We review the award of sanctions under Rule 11 for abuse of discretion. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 410 (4th Cir. 1999).

---

[2]The district court imposed sanctions on Miss Hudson of $500.00 to be paid to the Clerk of the Court.

## II.

Miss Hudson asserts that the sanctioned conduct was actually a discovery abuse and therefore sanctions under Rule 37 should have been considered, rather than sanctions under Rule 11. Federal Civil Procedure Rule 11(b) states in pertinent part:

> [b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, *written motion, or other paper*, an attorney or unrepresented party is certifying to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support of, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b) (emphasis added). Rule 11(d) goes on to state that subdivisions (a) through (c) of Rule 11 do not apply to "disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37." Fed. R. Civ. P. 11(d).

The district court awarded Rule 11 sanctions because Miss Hudson failed to reduce the number of claimed overtime hours or demonstrate that plaintiffs accounted for those hours in their initial estimate.[3] Miss

---

[3]The district court did not award sanctions *sua sponte* as Miss Hudson argues in her brief. The defendants filed a motion for Rule 11 sanctions, prompting the district court to hold a hearing on the matter.

Hudson continued to argue in her opposition to the defendants' motion for summary judgment that plaintiffs' claimed overtime hours were only an estimate; however, the district court specifically pointed out that hours worked at Danville Regional were recorded as hours worked at S & S Healthcare and that these hours were not general estimates as Miss Hudson continued to assert. Even at oral argument before the district court Miss Hudson refused to acknowledge that the claimed overtime was inaccurate.

> MISS HUDSON: Well, again, when they did their esti-mates of overtime, they did not have their personal records, they don't have their time records, they don't have all this documentation . . . .
>
> COURT: Well, she was confronted by this infor-mation and did not correct it.
>
> MISS HUDSON: There was nothing to correct, Your Honor.

We find that the district court's imposition of Rule 11 sanctions was justified by Miss Hudson's failure to withdraw or correct the claims for compensation for overtime. Plaintiffs' opposition to defendants' motion for summary judgment constituted a written motion or other paper under Rule 11(b). The claims relating to the overtime hours in this motion were not warranted by law, and the factual contentions therein could not have been shown as correct by Miss Hudson given the development of the surrounding facts in plaintiffs' interrogatories and deposition testimony. See Fed. R. Civ. P. 11(b). The sanctions imposed by the district court were a direct result of plaintiffs' opposi-tion to defendants' summary judgment motion, not a result, as Miss Hudson argues, of discovery abuses.

Miss Hudson also contends that she was denied due process because the district court imposed Rule 11 sanctions upon a different ground than was stated in defendants' motion for Rule 11 sanctions. The district court awarded Rule 11 sanctions based on a ground clearly mentioned in defendants' memorandum in support of their motion for Rule 11 sanctions; "by signing and filing the plaintiffs'

response to the defendants' motion for summary judgment, plaintiffs' counsel continued to pursue the overtime claims not warranted by existing law and not supported by the evidence . . . ." So Miss Hudson's assertion is without merit.

## III.

In her brief to this court, Miss Hudson asserts that the district court abused its discretion in denying plaintiffs' motion for an enlargement of time to respond to defendants' motion for summary judgment. The pursuit of this claim was not consistent with the parties' settlement agreement in *Belton v. Sigmon*.[4] After the parties reached their settlement agreement, this court entered an order dismissing all matters properly appealed except for the Rule 11 sanctions issue. *Belton v. Sigmon*, No. 98-2821 (4th Cir. Mar. 8, 1999). For this reason, we decline to address the enlargement of time issue.

We are thus of opinion that the district court did not abuse its discretion in awarding Rule 11 sanctions in this case.

The judgment of the district court is accordingly

*AFFIRMED.*[5]

---

[4]After the district court granted summary judgment to defendants, plaintiffs filed a notice of appeal from that judgment. A Fourth Circuit Court of Appeals Mediator conducted a mediation of that matter on January 15, 1999. As a result of that mediation, the parties agreed that all matters were settled except the Rule 11 sanctions issue.

[5]The plaintiffs' motion for sanctions on the defendants for violating the confidentiality of the mediated settlement is denied.

The defendants' motion for double costs and attorneys fees on appeal is denied.